MARTIN J. FERGUSON *vs.* GEORGE A. FULLER COMPANY *et al.*

JULY 25, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition under the workmen's compensation act, general laws 1938, chapter 300, to recover medical and hospital expenses beyond the maxima stated in the act. In the superior court the trial justice denied and dismissed the petition and from the entry of a decree to that effect the petitioner has duly prosecuted his appeal to this court.

This case was originally before us on the petitioner's claim for the allowance of compensation under his petition to review an agreement and was determined adversely to him. *Ferguson* v. *George A. Fuller Co.*, 74 R. I. 98. However, it was stated in the opinion that in the circumstances the decision was without prejudice to his right to file a petition in the department of labor respecting the allowance of excess medical and hospital expenses. The instant proceeding is evidently the result of that decision. The principal facts relating to petitioner's accidents, injuries, examinations, treatments, and awards of compensation are fully set out in the above opinion and need not be repeated here. Only such matters as are necessary for the determination of the petition now before the court will be referred to.

For the purposes of the instant petition the furnishing of medical and hospital services to an injured employee is provided for in G. L. 1938, chap. 300, art. II, §5, as amended by public laws 1942, chap. 1226, and is as follows:

"Sec. 5. The employer shall furnish reasonable medical, dental, and hospital services, and medicines when they are needed; *provided, however,* that the charge for medical and dental services and medicines, exclusive of hospital services, shall not exceed the sum of $300.00 in the case of an injured employee not receiving hospital treatment, or receiving hospital treatment for not more than 14 days, and shall not exceed the sum of $500.00 in the case of an employee receiving hospital treatment for more than 14 days; *provided, however,* in unusual cases where the amounts stipulated by this section are not sufficient to cover specialized or prolonged treatment necessary to effect cure or

rehabilitation of the injured employee, the director of labor may order payment of charges for medical and dental services and medicines beyond the stated maxima following hearing upon petition * * *.

The employee shall have the right to select the physician or dentist by whom, and the hospital in which, he desires to be treated, and the employer shall become liable to such physician or dentist or hospital for the reasonable value of the services or treatment so rendered; *provided, further,* that *the employer shall not become liable to the employee* or to the physician, dentist or hospital for the services or treatment so rendered unless such physician, dentist or hospital shall give written notice to the employer within 7 days after the beginning of such services or treatment that he or they have been so selected, and shall, in writing, present his or their claim to the employer for the payment of such services or treatment within 3 months after the conclusion thereof. In case of any disagreement as to the amount of any charge for such medical, dental, surgical or hospital services, or for medicines, the reasonable value and amount thereof shall be determined by the department of labor. Said department shall assess costs in said proceedings." (emphasis ours)

In the present case the following pertinent findings of fact were made by the trial justice and set out in the decree:

"2. That neither petitioner nor anyone in his behalf, nor any of the doctors or the hospital, the charge for whose services is here involved, ever notified respondents that they had been selected by petitioner in accordance with Article II, Section 5 and were treating him.

"3. That neither respondents nor their carrier had any knowledge of the selection of the physicians or the hospital, the charge for whose services is here involved, nor was any claim for payment ever presented to them by them after the conclusion thereof. * * *

"5. That no fraud was practiced on petitioner or on anyone representing him, that no misrepresentation was made which caused anyone to act or fail to act to the detriment of petitioner or any of his rights, and no fraud was practiced upon any of the physicians or

the hospital whose charges are here involved nor were any representations made to them which in any way influenced them as to the giving or refraining from giving notice to respondents or their carrier of their selection."

It appears that petitioner's original injury, from which the instant litigation and also the case heretofore decided allegedly stemmed, occurred December 9, 1942. Under date of January 15, 1944 respondents' insurance carrier sent a letter to petitioner's doctor reading in part as follows: "We have just received your bill of January 7th in amount of $54. and regret to advise you that this exceeds the $300. Statutory limit by $17., and therefore, we will be able to pay only $37. * * * We shall be unable to make any further medical payments on this case for reasons already stated above." That letter was given to petitioner by his doctor soon after it was received. Further, on April 5, 1944 petitioner signed a settlement receipt upon payment of a certain sum as compensation for total incapacity up to March 25, 1944.

Petitioner's present claim for excess medical and hospital expenses is based on such services incurred and paid for by him approximately from April 1944 to March 1946. The larger part of this claim is for services rendered subsequent to April 1945 when petitioner suffered injuries from a fall allegedly due to his original accident of December 9, 1942. The services last mentioned included hospital expenses in Boston and the examination and treatment of petitioner by six physicians. Receipted bills for the above items were put in evidence by petitioner, the total amount therefor being $1,106.55.

An examination of the transcript shows clearly that the second and third findings of fact contained in the decree appealed from are supported by legal evidence. Indeed petitioner does not seriously contend that he, or anyone on his behalf, or the doctors, or the hospital concerned complied with the provisions of the above-quoted statute

in respect to giving notice or sending bills to petitioner's employers for services rendered.

He relies to some extent on *Harding* v. *Imperial Printing & Finishing Co.*, 45 R. I. 390, but he overlooks the fact that after that opinion was handed down the legislature amended sec. 5 of the act. Public laws 1926, chap. 764. Thereby the employer was relieved of liability in certain circumstances which are applicable herein and placed a new burden on the employee to see that notice of selection of a doctor or hospital be given the employer and that bills be sent to it in connection with the furnishing of medical services. The language of the statute in respect to the giving of notice of such selection and the sending of bills is plain and unambiguous. It covers not only services performed up to the maximum figure provided for in the act but also applies to services that may exceed that sum. And as to the employer's liability therefor its requirements refer not only to doctors or hospitals but to employees as well. The reasons for such requirements are discussed in *Henry* v. *American Enamel Co.*, 48 R. I. 113. As the findings above referred to in the instant case are supported by legal evidence, they become conclusive in the absence of fraud under the act, G. L. 1938, chap. 300, art. III, §6. *Hemphill Co.* v. *Provencher*, 74 R. I. 173.

The petitioner, however, argues that respondents fraudulently represented to him that they could not pay for medical expenses beyond the $300 maximum mentioned in the act; that he relied on this representation and paid such expenses himself; and that he did not see that the necessary notices and bills were sent to respondents in accordance with the above-quoted section. The evidence bearing on the issue is conflicting. The insurance carrier's letter of January 15, 1944 to petitioner's doctor which thereafter came to petitioner's attention contained nothing of a fraudulent nature. The evidence showed that petitioner had been in the habit of consulting with the adjuster of the respondents' insurance carrier respecting compensation

and allied matters. They had such a conference April 5, 1944 when the last settlement receipt was executed. Petitioner testified that the adjuster then stated among other things that "the laws of Rhode Island allowed only a certain amount to be paid for medical bills, and that I had gone up to that then, and after that I had to pay my own." He also testified that the adjuster stated: "* * * they had paid all they could pay under the State law." The adjuster denied that he had any such conversation with petitioner.

While by his own choice no attorney was with petitioner at the above conference it appeared in evidence that sometime prior thereto he had an attorney in Franklin, Massachusetts, and that in the latter part of 1943 this attorney had employed another attorney in Boston, who was familiar with compensation matters, to assist in negotiating a settlement of the whole case by commuting future payments of compensation. The Boston attorney and the adjuster had corresponded with each other and discussed the problem prior to April 5, 1944 and had come to an agreement which petitioner at the meeting on that date declined to accept because he did not wish to foreclose all future claims relating to the accident of December 9, 1942. There is, however, no evidence that respondents or the adjuster ever discussed the question of payment of medical expenses with any doctor except petitioner's original physician, who was paid the full amount of $300, or that they discussed the question of bills with the hospital in Boston where petitioner was confined for a time, and it is not claimed that any fraud or misrepresentation was practiced on such doctors or hospital.

The fraud relied on by petitioner to excuse the giving of notice and the sending of bills to the respondents in accordance with the provisions of the compensation act are the alleged statements of the adjuster of respondents' insurance carrier to petitioner at their conference on April 5, 1944. At that time, however, the adjuster was under no legal duty to advise him as to his rights, and the statement, if

made, that the statutory limit for medical expenses had been reached was apparently correct. The trial justice found that no fraud or misrepresentation at that time had been practiced on petitioner. In our opinion there was legal evidence to support that finding, and in the circumstances nothing has been brought to our attention which would require us to hold as a matter of law that fraud had been shown by petitioner.

However, he also urges that respondents waived their right to set up the failure of his doctors, the hospital and himself to comply with the pertinent provisions of the act because of respondents' conduct in the original case. Upon consideration we do not find that they acted in such a manner as to waive any of their rights in this connection as a matter of law. Furthermore, the fact that respondents may have had some knowledge subsequent to April 1945 that petitioner was receiving medical treatment in itself does not excuse compliance with the pertinent provisions of the act in regard to the giving of notice and the sending of bills. The instant situation is not similar to that of an employer who has knowledge of the happening of an accident or injury to an employee, or where there has been some informal notice that might be construed as a substantial compliance with the statute, and is not governed by cases dealing with those situations.

In addition it is argued by petitioner that respondents are estopped from setting up by way of defense failure to receive notices and claims respecting medical services and hospital bills after April 5, 1944 when petitioner had allegedly been advised of conditions by the adjuster. In support of his position petitioner relies on the principle of equitable estoppel or estoppel in *pais* as applied in the cases of *Anderson* v. *Polleys,* 54 R. I. 296, and *Personal Finance Co. of Providence* v. *Henley-Kimball Co.,* 61 R. I. 402. On the other hand respondents cite *Kenyon* v. *United Electric Rys.,* 51 R. I. 90, as stating the doctrine of estoppel in *pais* property applicable in the instant case. Upon consideration

we are of the opinion that the contention made by respondents is sound and that they are not estopped as petitioner maintains. It is our judgment that the cases cited by him are based on factual situations which are clearly distinguishable from that in the present case.

The petitioner complains of three rulings of the trial justice on evidentiary questions. The first ruling is not properly before us as it is not set out in petitioner's reasons of appeal. The other two rulings relate to the exclusion of testimony upon respondents' objection by not allowing the reading of the copies of two letters. It was not shown that the original letters were not available and the relevancy and materiality of the letters had not been established. One of the letters was from one medical witness to another. We find petitioner's objections to the rulings to be without merit.

Finally he requested that he be allowed certain costs in connection with the taking of depositions, and witness' fees. The trial justice denied the request stating in substance that he saw no good reason for assessing such costs against respondents in the circumstances. The authority to award costs is dealt with in art. III, §6, of the workmen's compensation act. In *Egan* v. *Walsh-Kaiser Co.*, 73 R. I. 399, it was held that the awarding of costs is exclusively within the province of the superior court subject only to review for abuse of discretion. In the present instance we cannot say that the trial justice abused his discretion in making his ruling.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Martin M. Zucker*, for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan*, for respondents.