FELICE A. PALUMBO *vs.* UNITED STATES RUBBER COMPANY.

NOVEMBER 20, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

Roberts, J. This is an employee's petition to review a preliminary agreement for compensation seeking payment of certain medical expenses and permission to exceed the maximum amounts prescribed in the statute for the payment of such expenses pursuant to G. L. 1956, §28-33-5.

According to the preliminary agreement petitioner had sustained a back injury on September 3, 1955 and as a result thereof became incapacitated for a third time on November 28, 1960. The record discloses that petitioner entered a hospital for surgery on November 28, 1960; ·that the preliminary agreement was executed on December 16, 1960; and that surgery was performed on December 19 of that year. Postoperative and urological care were furnished petitioner well into the year 1961. It is not disputed that prior to the filing of this petition on January 11, 1962 respondent employer had paid hospital and medical expenses for petitioner in excess of the statutory limitations set out in §28-33-5. In the instant petition he seeks to require the

employer to pay an amount of approximately $275 for medical services.

After hearing, the trial commissioner entered a decree wherein he found, in substance, that the physicians by whom the services had been performed had failed to give respondent notice of their selection by the employee within fifteen days thereafter as prescribed in §28-33-8 and had not provided respondent with progress reports as to petitioner's condition at least every two months as therein required. While the trial commissioner found that the physicians had failed to comply with the prescribed notice requirements, he made no express finding as to the necessity for specialized or prolonged medical treatment, a prerequisite to the granting of permission to exceed medical maximums set out in §28-33-5. The cause is before this court on petitioner's appeal from a decree of the full commission entered December 12, 1962 affirming the decree of the trial commissioner.

The decision of the trial commissioner clearly rests upon his application of the notice requirements set out in §28-33-8. That section gives an injured employee the right to select a physician of his own choice to furnish him with the medical care and services contemplated in §28-33-5 and provides that "No claim for care or treatment by a physician * * * shall be valid and enforceable as against his employer, the employer's insurer or the employee, unless the physician * * * gives written notice of the employee's choice to the employer within fifteen (15) days after the beginning of the services or treatment and shall as often as every two (2) months thereafter while the services or treatment continue * * * present to the employer a signed progress report of the employee's condition * * *. The employee shall not be personally liable to pay any physician * * * where the physician * * * has forfeited the right to be paid by the employer because of noncompliance with this section." The petitioner urges that the trial commissioner erred in apply-

ing the statute to the claim of an employee for medical expenses, contending that it has application only to claims for medical services made by a physician directly upon the employer. In this he relies primarily upon *Lambert* v. *First National Stores, Inc.*, 85 R. I. 365, decided by this court in 1957.

This contention requires us to consider the nature of the obligation imposed upon an employer to compensate an injured employee for medical services and treatment. The right of an injured employee to be compensated for his reasonable and necessary medical care and treatment is conferred upon him by the provisions of §28-33-5 wherein the maximum amounts payable for such compensation are fixed and the commission is authorized to permit the cost of such medical services to exceed the prescribed maximums when prolonged or specialized treatment is shown to be necessary.

Section 28-33-8 confers upon an injured employee no right to additional compensation but only authorizes him to select a physician of his own choice to provide him with the medical services to which he is entitled under the provisions of §28-33-5. The right of a physician so selected by an employee to claim payment directly from the employer for such services derives from the right of the employee to be compensated as provided in §28-33-5. This derivative right of the physician to claim payment from the employer is therein made subject, however, to the prescribed requirements as to giving notice to the employer of his selection along with furnishing the employer with progress reports and final bills.

In its decision the full commission noted that the instant petition was not one brought by the employee to be reimbursed for payments made for medical services rendered him but that it "in effect, is a petition brought in the name of the employee for payment of the outstanding bills of

three doctors who treated the petitioner." The commission went on to state that on the evidence the three doctors "clearly failed to comply with the provisions set forth in the compensation act relative to" the giving of the prescribed notice. The language above quoted discloses that the commission did not pass upon the issue that has been argued by the parties to this court, that being the right of an employee to recover on his own petition the cost of medical services furnished him by a physician of his own choice when enforcement of the derivative claim by the physician has been barred by his failure to comply with the notice requirements of §28-33-8. The issue heard and determined by the commission was whether the enforcement of derivative claims of the three physicians was barred by reason of noncompliance with the notice requirements of §28-33-8.

That being so, we are of the opinion that petitioner has raised a question as to whether the pertinent statutory provisions are to be interpreted as requiring a strict and literal compliance with the notice requirements prescribed therein. He argues, as we understand him, that if the notice requirements of the statute apply to the instant petition, the actual knowledge of the employer as to the selection of the physicians and the nature, extent, and cost of their services waived or excused any formal or literal compliance with the notice provisions of the statute.

We would first note our awareness that there is in the instant record conflicting evidence as to the extent to which the physicians had complied with the requirements for notice and that in an ordinary case the findings of the commission, being supported by legal evidence, would be conclusive and binding upon this court in the absence of fraud. *Lukowicz* v. *Plantations Construction Co.*, 87 R. I. 298. We consider, however, that this rule is without pertinence, petitioner having raised a question of law as to whether the commission erred in requiring a strict or literal compliance with the notice requirements of §28-33-8.

It is clear from the precise nature of the findings of the trial commissioner that he viewed the statute as requiring a literal compliance with each of the provisions concerning notice set out therein if the derivative claims of the physicians are to be enforceable. The full commission in its decision stated expressly that "the section involved requires strict interpretation" and, citing as authority for this view the case of *Henry* v. *American Enamel Co.*, 48 R. I. 113, the commission noted that this court in the *Henry* case said that the act was intended to provide speedy relief for injured employees and that "in order to do justice to the employer it seeks to secure to him such information as will enable him early to check up and verify the claims for lost time and employee's medical expenses." We cannot agree that the presence of this language in the opinion in the *Henry* case was intended to require strict compliance with the statute in every situation.

This court did therein hold that the actual knowledge of an employer as to the identity of a physician selected by an employee should operate "as a waiver of the employer's right to further notice in writing." We went on to say that such knowledge as to the identity of the physician, however, did not operate so as to excuse the requirement of the statute that a statement of the amount due be sent to the employer within three months after the termination of the treatment when the evidence showed that the employer had not been informed as to the cost of such services until some four years after the services were terminated.

It is true that when the instant statute has application, there must be literal compliance with such of its provisions as relate to how and when the prescribed notice is to be given. It does not follow, however, that the statute has application in situations wherein the employer is possessed of such knowledge as to render needless compliance with the notice requirements. In short, the purpose of these pro-

visions of the statute is to provide the employer with knowledge that will enable him to ascertain the necessity for medical treatment and the reasonableness of the cost thereof. To whatever extent an employer has actual knowledge concerning these matters, compliance with the pertinent provisions of the statute would serve no useful purpose. It is, therefore, our opinion that compliance with the notice requirements of the statute by a physician seeking to enforce his derivative claim against an employer is waived or excused to the extent that the employer is in possession of the pertinent knowledge.

The findings of the trial commissioner as to noncompliance with the statutory provisions concerning notice and particularly those which relate to time limitations clearly reflect his interpretation of the statute as requiring strict compliance with all of its terms in any pertinent situation. If the correctness of his findings be conceded, nothing remains in the record from which we can conclude reasonably that in making such findings he considered the effect of the employer's knowledge of the care and treatment of the employee on the application of the statute to the instant petition. There is in the record considerable testimony as to the transmittal of information to the employer by the physicians, and it discloses also that the employer had joined in the execution of a preliminary agreement establishing the employee's third period of incapacity just three days before the surgery was performed.

In these circumstances we cannot conclude on the basis of the record that the trial commissioner gave consideration to the applicability of the statute to this petition. It does not appear that he determined whether the evidence concerning the employer's possession of knowledge as to the care and treatment being furnished should have been regarded as waiving or excusing compliance on the part of the physicians. It is our opinion, therefore, that in these

circumstances the ends of justice will be better served if the cause be remanded to the workmen's compensation commission for the making of such findings of fact as it deems proper upon a reconsideration of the evidence in the instant record in the light of the view we take as to the applicability of the notice provisions of the statute.

The petitioner's appeal is sustained, the decree appealed from is reversed without prejudice, and the cause is remanded to the workmen's compensation commission for further proceedings in accordance with this opinion.

*Abedon, Michaelson and Stanzler,* for petitioner.

*Ambrose W. Carroll,* for respondent.