226 A.2d 500.
FELICE A. PALUMBO *vs.* UNITED STATES RUBBER COMPANY.

FEBRUARY 15, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is an employee's petition for the payment of certain medical expenses and for permission to exceed the medical maxima stipulated in G. L. 1956, §28-33-5. It comes to us as a sequel to our earlier decision in the same cause reported in 97 R. I. 20, 195 A.2d 238. There we reviewed a decree which barred the employee from enforcing the derivative claims of three physicians who had treated him for his compensable back injury. The commission's decision was based upon findings supported by competent evidence that two of the physicians had not notified respondent of their selection and that the third had not advised it of the progress of his patient's condition. Both notice of selection and reports of progress are required by §28-33-8[1] and failure to comply deprives a physician of the right to recover for his services. We held that the rule which normally would have precluded our interference with the commission's finding was without pertinence. Our reason was that the commission in its exercise of the fact-finding process had not considered whether the record disclosed that the employer had actually otherwise acquired any knowledge of the selection of those physicians and of the nature and extent of their services. Actual knowledge

---

[1]Section 28-33-8 denies a treating physician the right to recover for his services either from the employer, its insurer, or the employee unless he notifies the employer of his selection within fifteen days thereafter, provides it with progress reports of his patient's condition and a bill for services to date at least every two months thereafter and while the services or treatment continues, and renders a bill in writing for all unpaid services or treatment within three months after the conclusion thereof.

of selection, we pointed out, was suggested in the record and we said that compliance with the notice as well as the reporting requirements, although ordinarily required as conditions precedent to recovery of charges for medical services, would be waived and excused if the circumstances were such that the employer had otherwise acquired such knowledge within the statutory time limitations. Compliance with the statute, we concluded, would serve no useful purpose "To whatever extent an employer has actual knowledge concerning these matters * * * ." *Id.*, 97 R. I. at 26, 195 A.2d at 241. Accordingly, we reversed without prejudice and we remanded for a determination by the commission of the extent of the employer's actual knowledge in these areas.

On remand the commission, after reconsidering the record and hearing the arguments of counsel, found that the employer had not within the statutory time limitations been in any manner advised of the selection of two of the physicians and that it had not acquired actual knowledge of the progress of petitioner's condition from the third physician at least as often as every two months. Additionally, it found that the stipulated medical maxima were not sufficient to provide the employee with necessary specialized and prolonged services. Conformably to those findings a decree was entered denying and dismissing the petition "insofar as the medical fees for medical services rendered is concerned" and ordering the employer "to furnish further reasonable and related services as defined in general laws 1956, section 28-33-5 which are necessary in order to cure, rehabilitate, or relieve the petitioner from the effects of said injury, even though said charges shall exceed the medical maximum set forth in said section 28-33-5." From that decree both the employer and employee have appealed, each party's appeal being directed to so much of the decree as is adverse to its or his interests.

## The Fees for Medical Services

The fees for the medical services in issue are those of three physicians: the orthopedist who treated petitioner generally for his back injury and performed a partial laminectomy in December 1960; the anesthesiologist who administered the anesthesia during the orthopedic procedure; and the urologist who rendered postoperative treatment for difficulties arising as a result of the operation. To recover for their charges within the limited confines of our remand it was incumbent for petitioner to have established that respondent had within the statutory time limitations acquired actual knowledge of the selection of the treating physicians. After rehearing the commission found that this had not been done in the instances of the anesthesiologist and the urologist and its findings in this respect, being based upon competent evidence, are conclusive upon us. *Martines* v. *Terminal Methods, Inc.*, 101 R. I. 599, 225 A.2d 790; *DeFusco* v. *Ochee Spring Water Co.*, 84 R. I. 446. In the light of these findings it was not error for the commission to conclude that petitioner was precluded by §28-33-8 from maintaining his derivative suit for recovery of their charges.

The petitioner argues, however, that the statutory notice requirements are not applicable to medical services rendered on what he refers to as "one isolated occasion," viz., as in this instance where an anesthetic was given during the laminectomy. That contention merits no consideration in the factual setting of this case. Here the anesthesiologist's attendance upon petitioner was not limited to a single service in the operating room. He also saw petitioner on the day preceding the operation to evaluate his physical condition and to decide on the type of anesthesia to be administered, and again on the day following the surgery to ascertain "how he tolerated the anesthesia and operation, to see if there are any complications."

In addition, modern hospitals, at least in urban areas, insist that major surgery be performed by an operating team presided over by a surgeon who, depending on the nature and the complexity of procedure, will be assisted by specialists from the various disciplines including one or more assistant surgeons, an anesthesiologist, an internist, a radiologist and a pathologist. All are selected, if not by the patient himself, then by the surgeon in charge who unquestionably has authority to act in this respect for his patient. Nothing in the statute exempts a member of such a surgical team from the notice and reporting provisions which the legislature specifically requires of all physicians "chosen by an employee."

The claim for payment for the services rendered by the orthopedist requires separate consideration. As to him, the issue relates to the employer's knowledge of the employee's condition. The commission found on the basis of competent evidence that written progress reports, although submitted as required by the statute until July 6, 1961, were not thereafter sent to the employer. It also found that the employer did not otherwise learn of the progress of petitioner's condition as often as every two months thereafter.

Notwithstanding the ordinarily conclusive effect of those findings, petitioner suggests that only a portion of the balance due the orthopedist was for services rendered subsequent to July 6, 1961 and that respondent's lack of knowledge of petitioner's condition on or after that date should not adversely affect the right to payment for any medical services rendered prior thereto and the subject of duly submitted prior progress reports. His contention has merit.

The notice, reporting, and billing requirements of §28-33-8 were intended by the legislature to protect the interests of an employer. They were designed to assure full opportunity for investigation of all aspects of the employee's claim, and to provide pertinent information as to

the necessity for medical treatment, the reasonableness of its costs, and the probable duration of an employee's incapacity. *Palumbo* v. *United States Rubber Co.*, 97 R. I. 20, 195 A.2d 238; *Henry* v. *American Enamel Co.*, 48 R. I. 113, 116. There is nothing which suggests a legislative intention to inflict a retroactive penalty on a physician who, after a long period of faithful adherence to the reporting requirements, through inadvertence or otherwise, fails to furnish an employer with a required statement of the progress of his patient's condition. In the event of such neglect the statutory prohibition against enforcing liability for services rendered extends only to charges for treatment thereafter given and not to those for services previously rendered. In our judgment, therefore, the statute does not inhibit a recovery for charges of the orthopedist for services performed prior to July 6, 1961.

### EXCEEDING THE STIPULATED MEDICAL MAXIMA

On the remand the commission reversed its earlier order and directed respondent to furnish further services necessary to cure, rehabilitate or relieve petitioner from the effects of said injury even though the charges therefor might exceed the stipulated medical maxima. The respondent argues that this was error and that the commission went beyond our remand, which it insists was limited to considering whether respondent possessed such pertinent knowledge as would excuse compliance with the statutory notice and reporting provisions of §28-33-8.

In a literal sense respondent is correct, but the commission, aware that the parties had stipulated in the record that the maxima had already been exceeded, was warranted in not taking our mandate literally. It correctly recognized that implicit therein was a direction to determine whether the services of these three physicians met the statutory test of necessity. Without an affirmative finding on that issue our conclusion that there should be a partial recovery

of the fees charged by the orthopedist would be without meaning or significance and unenforceable since permission had not been granted to exceed the fixed maxima. In substance, the commission gave retroactive approval to the treatment and services previously rendered as having been necessary in order to effect the employee's relief, cure or rehabilitation; it made no prospective determination as to the necessity for further treatment. See *Barbieri* v. *E. M. Young Co.*, 82 R. I. 382. It did not exceed its jurisdiction on the remand.

The petitioner's appeal is sustained in part, the respondent's appeal is denied and dismissed, the decree appealed from is affirmed except as to order No. 1 thereof, and as to such order the appeal is sustained in part to the extent indicated herein. Upon the filing by the petitioner's counsel of a certificate of compliance with the provisions of §28-35-32 and upon their further compliance with the provisions of our Provisional Order No. 5, this court will take under consideration the question of whether they are entitled to fees for services rendered in this proceeding and, if so, the amount thereof, and the cause will then be remanded to the workmen's compensation commission with direction to amend its order No. 1 in accordance with this opinion and for further proceedings.

*Abedon, Michaelson, Stanzler & Biener,* for petitioner.

*Carroll, Kelly & Murphy, Ambrose W. Carroll,* for respondent.