EDWARD LUZZI *vs.* ROCCO IMONDI *et al. d.b.a.* SAMROC MACHINE CO.

SAMUEL B. WHITE, JR. *et al. d.b.a.* SAMROC MACHINE CO. *vs.* EDWARD LUZZI.

MARCH 19, 1964.

PRESENT: Roberts, Powers and Joslin, JJ.

464

JOSLIN, J. These are proceedings under the workmen's compensation act. The first case is a petition of the employee filed on March 31, 1959 pursuant to G. L. 1956, §28-35-61, to amend a final decree entered on October 14, 1958 by a trial commissioner on the employee's original petition for compensation, that decree being hereinafter referred to as "original decree" and the proceedings in which entered as "original proceedings." The second case is a petition by the employer filed on April 9, 1959 to review a preliminary agreement under which the employee was receiving compensation for total incapacity.

The two cases were heard together before a trial commissioner who granted the petition to amend and in the

second case reduced compensation payments from total to partial incapacity. Both cases were appealed by the employer to the full commission and are now before us on the employee's appeals from its decrees denying in the first case the petition to amend and suspending in the second case all payments of compensation.

The facts are not in dispute. In the original proceedings it was found that the employee in the performance of his duties had sustained a bilateral inguinal hernia and he was awarded total disability compensation benefits for the period commencing March 18, 1958 and ending June 19, 1958. Thereafter on January 19, 1959 a preliminary agreement was entered into under which the employer agreed to pay the employee compensation for total incapacity for an injury described as a "bilateral inguinal hernia."

In the petition to amend the employee prayed that he be allowed to submit evidence as to a back injury allegedly sustained at the same time as the hernia and which he averred had not been set forth in the original decree due to an accident, mistake or unforeseen cause or because of failure to diagnose the injury correctly.

Although the grounds upon which he bases that petition are those provided by statute for appealing from approved agreements, G. L. 1956, §28-35-5, the employee in oral argument before us agreed that the grounds upon which he relies are those provided in §28-35-61. Since the case was tried before the trial commissioner, the full commission, and was argued before us on that basis, we will treat that petition as though it alleged conformably to §28-35-61 that the original decree did not accurately and completely set forth and describe the nature and location of the injuries sustained.

The trial commissioner on the petition to amend found that the original decree did not accurately set forth and describe the nature and location of all the injuries sustained

by the employee and ordered that the original decree be amended by adding a finding of fact that the employee had sustained a back injury. On the petition to review he found that the employee although fully recovered from the effects of the hernia was partially incapacitated by reason of the back injury as set forth in the amended original decree.

On the employer's appeals from those decrees the full commission denied and dismissed the petition to amend on the ground that the question of whether the employee had sustained an injury to his back arising out of or in the course of his employment was res adjudicata and on the petition to review, where the only disputed issue before it was whether employee was partially disabled because of a compensable back injury, suspended payments of compensation.

The question before us simply stated is whether in the circumstances the original decree can be amended. If it can be the full commission erred in both causes; if it cannot be, there was no error in either cause.

The relevant statute is §28-35-61, the pertinent portion of which reads as follows:

> "The workmen's compensation commission may, upon petition of an employee * * * vacate, modify, or amend any final decree entered within a period of six (6) months prior to the filing of such petition * * * if it shall appear that such decree * * * does not accurately and completely set forth and describe the nature and location of all injuries sustained by the employee."

The clear and unambiguous language of §28-35-61 conveys a plain meaning and leaves nothing for interpretation. While remedial in nature and affording a wide latitude to the commission to amend a final decree where the full nature and extent of the injury sustained is not accurately and completely set forth and described, its latitudinous nature is not so broad as to permit relitigation of issues

raised and determined in a prior proceeding under the guise of a statutory petition to amend.

An examination of the record of the original proceedings discloses that the injuries allegedly suffered for which compensation was claimed were a double hernia and a back injury; that at the hearing thereon there was medical testimony that the employee was suffering from a "lumbosacral strain, left sacroiliac strain" and "strain of the left lattissimus dorsi"; that the trial commissioner in his decision discussed testimony, the "gist" of which he said was "that the petitioner always complained of a weak back since he was first hired * * *"; and that the decree contained a finding of fact that "the petitioner did not suffer any injury to his back arising out of or in the course of his employment." The employee does not contend that he objected either to the entry of that decree or to the finding of fact which he now seeks to have amended, nor did he appeal to the full commission.

By his failure to appeal the employee's rights became fixed, *Beacon Milling Co.* v. *Whitford,* 92 R. I. 253, 168 A.2d 279, and there being evidence in support of the full commission's finding of fact that the issue of the compensability of his back injury had been raised and decided in the original proceedings, any further consideration thereof is barred by the doctrine of res adjudicata, *DiVona* v. *Haverhill Shoe Novelty Co.,* 85 R. I. 122, and the final decree may not be amended.

In each case the employee's appeal is denied and dismissed and the decree appealed from is affirmed, and each case is remanded to the workmen's compensation commission for further proceedings.

*Leo T. Connors, John A. O'Neill,* for employee.

*Boss, Conlan, Keenan, Bulman & Rice, John F. Dolan, Donald F. Shea,* for employer.