216 A.2d 129.

ROBERT LITCHMAN *vs.* ATLANTIC TUBING & RUBBER CO.
ATLANTIC TUBING & RUBBER CO. *vs.* ROBERT LITCHMAN.

JANUARY 13, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. These two petitions were heard together before the workmen's compensation commission and are here on the employee's appeal in each case from the final decree of the full commission.

The employee had been employed by this employer for 19 years prior to January 15, 1964, when he sustained a compensable injury. On January 22 he filed an original petition for compensation benefits and on February 24 a consent decree was entered by the commission. The decree contained the following findings of fact which were included by agreement of the parties and adopted as the findings of the commission: (1) the employee sustained a compensable injury on January 15, 1964; (2) the injury consisted of injury to the left great toe; and (3) the employee's average weekly wage was $72.40 per week. The decree ordered the employer to pay the employee total compensation benefits of $40 per week commencing on January 16, 1964, and all reasonable medical bills. It was assented to by the employer's counsel, by the employee and by his counsel.

On June 4, 1964 the employee filed a petition under P. L.

1958, chap. 122, sec. 1 (now G. L. 1956, §28-35-61), to amend the consent decree on the ground that it did not completely set forth all the injuries sustained by him and should be amended so that their nature and location would read: "Injury to the left great toe; back injury."

On June 15, 1964 the employer filed the companion petition to review a decree concerning compensation, alleging that "Employee's incapacity for work has ended, or has so diminished as to permit him to perform light work."

We shall consider first the employee's petition to amend. At the hearing before the trial commissioner the employee testified that while using a power-operated hoist in order to lift a reel weighing approximately 300 pounds, the reel dropped and struck his left great toe for which he immediately received first aid; that on the following day Dr. R. V. Tomaselli, an orthopedic surgeon, made a diagnosis of fracture of the great toe, placed a cast on his foot, gave him crutches, and ordered him to stay in bed; that he told Dr. Tomaselli that his back began to hurt two or three days after the injury; and that the doctor told him that the foot injury was causing the back pain.

On February 17, 1964, he consulted Dr. Raymond H. Trott, also an orthopedic surgeon, who thereafter became his attending physician. Doctor Trott diagnosed his condition as "Fracture left great toe" and "Sprain lumbosacral." He called Dr. John O. Strom in on consultation and the essence of their expert evidence is that the employee's back injury was causally related to the January 15, 1964 incident. The trial commissioner referred the employee to an impartial examiner, Dr. William V. Hindle, an orthopedic surgeon. Doctors Trott and Savastano testified at the hearing. In addition their medical reports and those of Doctors Strom and Hindle are in evidence. It is not necessary here to discuss the medical evidence in detail; suffice to say such evidence is in conflict on the questions of the employee's ability to return to his usual work and whether his back

was injured as a result of the incident on January 15. At the hearing the employee testified that his back and toe were still giving him trouble and that he had not worked since January 15, 1964 except for a few days when he attempted some light work at the employer's plant. The trial commissioner entered a decision and a decree based thereon denying and dismissing the petition.

After referring to contradictory statements made by the employee in his history of how the back injury occurred, he indicated that the employee's testimony lacked credibility and therefore he made the following findings of fact which were subsequently incorporated in the decree entered by him on October 26, 1964.

> "1. That the petitioner has failed to prove by a fair preponderance of the reasonable evidence that the decree does not accurately and correctly set forth all the nature and location of all injuries received.

> "2. That the petitioner did not sustain a back injury on January 15, 1964 arising out of and in the course of his employment with the respondent."

After hearing and considering the employee's appeal, the full commission entered a final decree affirming the findings of fact and the orders contained in the decree of the trial commissioner. It appears from the decision on which such decree is based that the question of the employee's credibility carried great weight with the commission. They pointed out that his testimony disclosed many inconsistencies; that the impartial examiner could find no objective evidence of injury which would cause the employee's pain in his back; and in substance that the employee had not sustained his burden of proving that he had sustained any injury to his back at the time of the injury to his foot. They noted that the employee, while represented by able counsel, entered into a consent decree in which the only injury specified is that to the left great toe. Finally, the commission concluded that if his back began to hurt two or three days after the

January 15 incident, as the employee testified, he would have brought this matter to the attention of his counsel before the decree was entered on February 24, 1964 by the trial commissioner.

Under his reasons of appeal the employee contends in substance that the commission misconceived uncontradicted evidence and misconstrued the intent and purpose of §28-35-61. In our opinion this contention has no merit. The record does not support the employee's claim that the evidence on the question whether he sustained a compensable back injury on January 15, 1964 is uncontradicted. Under §28-35-61 the commission has the power to amend a final decree in a proper case. Indeed, as the court pointed out in *Luzzi* v. *Imondi,* 97 R. I. 463, 198 A.2d 671, this statute is remedial in nature and affords "a wide latitude to the commission to amend a final decree where the full nature and extent of the injury sustained is not accurately and completely set forth and described * * *."

In the case at bar the trial commissioner and the full commission based their findings on credibility. They clearly indicated a lack of credibility in the employee's testimony and pointed out certain inconsistencies therein which impelled them to disbelieve him.

In our opinion there is competent evidence in this record, direct and by reasonable inference, to support the findings that (1) the employee has failed to prove by a fair preponderance of the reasonable evidence that the decree does not accurately and correctly set forth the nature and location of all injuries received, and (2) that he did not sustain a compensable back injury on January 15, 1964. In the absence of fraud these findings are binding and conclusive on review before this court. *School House Candy Co.* v. *Ferrucci,* 88 R. I. 109, 113; *Trotta* v. *Brown & Sharpe Mfg. Co.,* 86 R. I. 247, 253. Under our act questions of credibility and weight of evidence are for the commission to determine. *Mnych* v. *Lippitt Worsted Mills, Inc.,* 85 R. I. 288, 291.

We consider now the employer's petition to review the consent decree in these cases. This petition involves only that phase of the hearing relating to the injury to the left great toe, for which the employee was receiving total compensation.

The employer bases this petition on the ground that "Employee's incapacity for work has ended, or has so diminished as to permit him to perform light work." As already stated this petition was heard together with the employee's petition to amend. After the hearing the trial commissioner entered an interlocutory decree which contained an express finding that the employee "is no longer totally incapacitated for work by reason of the injury to his left great toe sustained on January 15, 1964 but does continue to remain partially incapacitated therefrom." Because of such finding the decree ordered the matter continued "until the 10th day of November, 1964, in order to give the respondent employee an opportunity to make a bona fide attempt to obtain suitable employment."

After the hearing on November 10 the trial commissioner entered a decree incorporating his findings:

"1. That the respondent is no longer totally incapacitated for work as a result of his original injury but does continue to remain partially incapacitated thereby.

"2. That the respondent [employer] has offered suitable employment which the respondent is capable of performing.

"3. That the respondent has not made a bona fide attempt to obtain suitable employment * * *."

On the basis of such findings the trial commissioner entered several orders in such decree. We shall refer only to the following for our present discussion:

"1. That the petitioner may suspend further payment of total compensation to the respondent and in lieu thereof pay partial compensation in accordance

with general laws 1956, section 28-33-18 but in no event to exceed the maximum amount of $22.00 per week."

After hearing appeals by both parties from such decree the full commission entered a decision and a final decree based thereon. The decree in essence affirmed the findings of fact contained in the decree of the trial commissioner but concluded with the following order: "The petitioner may forthwith suspend all payments of compensation benefits to the respondent."

The employee has briefed and argued his reasons of appeal under three main issues, designated as issues II, III and IV. We shall treat them in like manner.

Under issue II he argues that the commission's finding of partial incapacity is based on evidence which was inadmissible because of noncompliance with G. L. 1956, §28-33-34, as amended, which reads as follows:

"Physical examination by employer's physician— Report. The employee shall, after an injury, at reasonable times during the continuance of his disability, if so requested by his employer, submit himself to an examination by a physician, furnished and paid for by the employer. The employee shall have the right to have a physician, provided by said employee and paid for by the employer, present at such examination. The employee shall be entitled to a full, exact, signed duplicate copy of the medical report of the examining physician, which shall be mailed by the employer or carrier to the employee and his attorney forthwith upon receipt of the original report by the employer or carrier. Failure to do so shall make such report or evidence of such examining physician inadmissible if objection is made by the employee to the admission of the report or evidence."

It appears from the record that Dr. A. A. Savastano examined the employee on behalf of the employer on July 6, 1964. His report dated July 7, 1964 was received by an agent of the employer on July 10 or 11, 1964. Neither the em-

ploye nor his attorney was provided with a copy of this report until the hearing on July 17 when the employer presented Dr. Savastano's oral testimony and his medical report, which was in substance that in his opinion the employee was able to return to his usual work as of July 6, 1964 if he felt so inclined. The employee objected to the introduction of such evidence and requested a continuance. The commissioner overruled the employee's objection and denied his motion for a continuance on the ground that he did not think the delay was unreasonable.

We agree with the employee's argument that, in the circumstances of this case, the trial commissioner erred in admitting the medical report and evidence of Dr. Savastano. But the employee has not been prejudiced thereby because there is other evidence in the record which supports the commission's ultimate finding that the employee "is no longer totally incapacitated for work as a result of his original injury but does continue to remain partially incapacitated thereby." See *Morton C. Tuttle Co.* v. *Carbone*, 84 R. I. 375. It is true, as the employee argues, that the commission in its decision referred to Dr. Savastano's evidence; but it is equally true that there is nothing to indicate that the decision is based solely on such evidence. In any event, as we have already indicated, the commission's finding of partial incapacity was supported by other evidence in the record, aside from Dr. Savastano's, and, in the absence of fraud, is binding on this court.

Under issue III the employee contends that the commission erred in not giving him more time in which to accept the work offered by his employer or seek other suitable employment. The commission found that the job offered by the employer was suitable and that respondent was capable of performing it. A detailed discussion of the evidence on this issue is unnecessary. Suffice to say that a careful reading of the transcript has convinced us that this finding is supported by a fair preponderance of the evidence. We hold

that this contention is without merit and requires no further consideration.

We come finally to the employee's contention under issue IV that the commission erred in not awarding him counsel and expert witnesses' fees for his successful defending of the petition to review before the trial commissioner. He contends that he is entitled to such fees under the provisions of §28-35-32. The short answer to this contention is that he did not successfully defend the petition to review. This issue is controlled by our recent decision in *Capaldi* v. *Liberty Tool & Gage Works, Inc.*, 99 R. I. 236, 206 A.2d 639, where the court set out in clear and precise language the legislative intent expressed in the provisions of §28-35-32. See also *United States Rubber Co.* v. *Marino*, 97 R. I. 142, 196 A.2d 169. In view of our decision in *Capaldi, supra,* any further discussion of this issue would be useless.

In each case the employee's appeal is denied and dismissed and the decree appealed from is affirmed, and each case is remanded to the workmen's compensation commission for further proceedings.

*Kirshenbaum & Kirshenbaum,* for employee.

*DiMascolo & DiPetrillo, Anthony DiPetrillo,* for employer.