218 A.2d 666.

LORETTA MACARUSSO O'NEIL *vs.* M & F WORSTED MILLS, INC.

APRIL 20, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

648

PAOLINO, J. This cause is before us on the respondent's appeal from a decree of the full commission affirming a decree entered by a trial commissioner.

On July 24, 1963 petitioner sustained a compensable injury under the workmen's compensation act. On February 7, 1964 she filed an original petition for benefits under the act. This petition, which was docketed as W.C.C. No. 64-0177 by the commission, was heard by the trial commissioner in March 1964. It described the nature of petitioner's injury as "back and right hip." After the hearing the trial commissioner entered a decree on April 15, 1964 finding that petitioner had sustained an injury "to her right arm and right buttock," and that she was totally incapacitated for work from July 24, 1963 to December 31, 1963 and partially incapacitated from January 1, 1964. The decree included orders for the payment of compensation and reasonable medical expenses in accordance with the pertinent provisions of the act. This decree was not appealed.

On October 2, 1964 petitioner filed another petition, docketed W.C.C. 64-1426, on a form furnished by the work-

men's compensation commission, entitled "Employee's Petition to Review and/or Amend Agreement or Decree Concerning Compensation." This was a petition to review the decree filed in W.C.C. No. 64-0177 and included a copy thereof. The petitioner grounds her petition to review on her allegation that her "incapacity for work has increased or returned by reason of the effects of the injury set forth in said * * * decree"; she further alleges therein total incapacity from May 25, 1964; additionally, the petition contains a request for counsel and witness fees.

The instant petition to review was heard by the trial commissioner on November 17 and 23, 1964. Doctor Raymond H. Trott, who it appears became the employee's attending physician on May 20, 1964, testified on November 17 that it was not until June 23, 1964 that she first complained of sciatic pain in her foot; that he hospitalized her in August 1964; that from a lumbar myelogram performed on September 10 there appeared to be definite evidence of a ruptured disc at the fourth lumbar space on the right; and that on October 7, 1964 he performed a laminectomy for the removal of the ruptured disc. Doctor Trott stated in his opinion she was totally incapacitated for work when he last examined her on October 10, 1964 and that such incapacity was causally connected to her original injury on July 24, 1963.

After Dr. Trott had completed his direct examination and while he was being cross-examined by the employer, the employee made an oral motion to amend the petition to review by including the allegation that: "The compensation agreement or decree does not accurately and completely set forth and describe the nature and location of all injuries sustained by me. Said agreement or decree should be amended so that the nature and location of my injuries would read as follows: 'Disk at the 4th lumbar space on the right.'" The trial commissioner, over the employer's objection, allowed the petition to be amended so that the

nature and location of employee's injuries would read as follows: "Injury to right arm; right buttock; and back injury." On November 23, 1964 the trial commissioner, over the employer's objection, again allowed the employee to amend the petition by adding "ruptured disk at 4th lumbar space," in describing the nature and location of her injuries in the petition.

The important point in petitioner's testimony insofar as these proceedings are concerned is that it was not until after September 10, 1964 that Dr. Trott told her she had a fractured disc.

On December 28, 1964 the trial commissioner entered a decree finding in part that the decree entered on April 15, 1964 in W.C.C. No. 64-0177 did not accurately and completely set forth and describe the nature and location of all injuries sustained by the employee on July 24, 1963; that the injuries sustained by her on said date were: "Right arm; right buttock; ruptured intervertebral disc at the fourth lumbar interspace"; and that her incapacity was causally connected with her injury on July 24, 1963. The April 15, 1964 decree was amended accordingly, the employer was ordered to pay compensation benefits in accordance with the trial commissioner's findings, and respondent was ordered to pay a witness fee to Dr. Trott and a counsel fee to the employee's counsel.

The full commission entered a decree affirming the decree of the trial commissioner. The decree of the full commission also found as a fact that the issue of whether the employee injured her back and sustained a ruptured intervertebral disc was not raised and decided in the original proceedings in W.C.C. No. 64-0177.

In our judgment this appeal raises three principal questions: (1) Is there competent evidence in the record to support the commission's finding that the employee had sustained a ruptured intervertebral disc which was causally connected with her original injury on July 24, 1963? (2)

Does the evidence support the commission's finding that the question of the employee's back injury and ruptured disc was not raised in the original proceedings in W.C.C. No. 64-0177? (3) Did the commission err in granting the employee's oral motion to amend?

We answer the first question in the affirmative. Doctor Trott's uncontradicted testimony is competent evidence to support the finding that the April 15, 1964 decree entered in W.C.C. No. 64-0177 does not accurately and completely set forth and describe the nature and location of all injuries sustained by the employee on July 24, 1963.

The second question must also be answered in the affirmative. In *DiVona* v. *Haverhill Shoe Novelty Co.*, 85 R. I. 122, in discussing the doctrine of res judicata in workmen's compensation cases we stated at page 126:

> "Consistent with a liberal construction of the provisions of the act we hold that the doctrine of res adjudicata will be applied in these cases only with respect to such issues as were actually raised and decided in the prior action. The question then becomes one of fact: Was the questioned issue of fact raised and decided in the prior case? If it was, it is barred by the doctrine. If it was not so raised and decided, it may properly be heard in the subsequent proceeding in accordance with the act."

Even though the original petition for compensation in W.C.C. No. 64-0177 contained the word "back," there is nothing in the record, directly or otherwise, indicating that the question of a back injury was raised and decided by the trial commissioner in that proceeding. The decree entered on April 15, 1964 contains an express finding that the employee sustained "injury to her right arm and right buttock." There is nothing in that decree concerning a back injury or incapacity for work resulting therefrom. In the circumstances the doctrine of res judicata is not applicable. *DiVona, supra.*

We come finally to the question whether the commission erred in affirming the trial commissioner's order granting the employee's oral motion to amend the April 15, 1964 decree. The main thrust of the employer's contention is that under P. L. 1958, chap. 122, sec. 1, now G. L. 1956, §28-35-61, the authority of the commission to grant a petition to amend any final decree was limited to "any final decree entered within a period of six (6) months prior to the filing of such petition * * *."

The pertinent portion of §28-35-61, reads as follows:

"The workmen's compensation commission may, upon petition of an employee * * * amend any final decree entered within a period of six (6) months prior to the filing of such petition * * * if it shall appear that such decree * * * does not accurately and completely set forth and describe the nature and location of all injuries sustained by the employee."

We considered this statute only recently in *Luzzi* v. *Imondi*, 97 R. I. 463, 198 A.2d 671. Factually, the cases are distinguishable. In *Luzzi* we held that the evidence supported the commission's finding of fact that the issue of the compensability of the employee's back injury had been raised and decided in the original proceedings, and that therefore any further consideration thereof was barred by the doctrine of res judicata. We also stated therein that §28-35-61 was remedial in nature and afforded a wide latitude to the commission to amend a final decree where the full nature and extent of the injury sustained is not accurately and completely set forth and described therein.

As previously noted, the petition to review is on a form furnished by the workmen's compensation commission. It was admittedly filed within six months after the entry of the decree in W.C.C. No. 64-0177. We believe the answer to the ultimate determination of this appeal depends upon whether the trial commissioner had the power under the act to amend the petition to review. It is our opinion that

the broad grant of authority vested in the workmen's compensation commission by §28-35-61 includes the power to amend a petition to review.

General laws 1956, §28-35-61, provides in part as follows:

"Such petition shall be served in the same manner as is provided for in chapters 29 to 38 inclusive, of this title, for all other petitions. The workmen's compensation commission shall hear any and all such petitions and make its decision in accordance with the provisions of said chapters."

Section 28-35-61 must be read together with §28-35-17, the pertinent portion of which provides that the commission "may allow amendments to the petition and the answer at any state of the proceedings." As we read §28-35-61, it clearly incorporates by reference the quoted portion of §28-35-17. The petition, as amended, related back to October 2, 1964, the date of filing, and thereby satisfied the six-month limitation and the notice requirements prescribed in §28-35-61.

Having found that the pertinent findings of the commission are supported by competent evidence, we are constrained to hold that the decree of the commission is not in error.

The respondent's appeal is denied and dismissed and the decree appealed from is affirmed. The petitioner having successfully defended in this court the respondent's appeal from the decree of the full commission is entitled to a fair and reasonable counsel fee under the provisions of §28-35-32. She shall present a motion for such fee together with a certificate by her counsel showing the services rendered in preparing and defending the appeal in this court. Upon the presentation of such motion and certificate, costs for such counsel fee shall be fixed by this court after a hearing on the question of the fairness and reasonableness of such fee. The cause will then be remanded to the workmen's compensation commission for further proceedings.

*Raul L. Lovett,* for petitioner.

*Carroll & Dwyer, Robert L. Kiernan,* for respondent.