**222 A.2d 363.**

JOHN BROTHERS *vs.* JAMES S. CASSEDY, INC.

SEPTEMBER 16, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an employee's petition to review a preliminary agreement for compensation executed on December 4, 1953. Under this agreement the employee was paid compensation for total incapacity until July 18, 1954, at which time a settlement receipt was filed. The instant petition was filed on March 24, 1965, and on July 29, 1965 a trial commissioner entered a decree ordering the payment of compensation and medical expenses. From that decree the respondent appealed to the full commission, and on December 7, after hearing thereon, a decree was entered denying and dismissing the petition. From that decree of the full commission the petitioner is prosecuting his appeal to this court.

It is not disputed that payment of compensation to petitioner pursuant to this agreement ceased as of July 18, 1954 and that thereafter no payment of any kind was made until September 16, 1964. The record discloses that at that time a prior petition of the employee for a review of the agreement here under consideration was discontinued when respondent reimbursed him in the amount of $30 for the payment of medical expenses. It is clear that the latter payment for reimbursement of medical expenses, whatever might have been the legal nature thereof, was made more than ten years after the payment of compensation under the agreement had ceased.

The lapse of ten years from the time payment ceased under the agreement is significant in view of the provisions of G. L. 1956, §28-35-45. It is therein provided: "* * * at any time after the date of the entry of any decree concerning compensation, and if compensation has ceased thereunder, within ten (10) years thereafter, any agreement, award, order, finding, or decree may be from time to time reviewed by the workmen's compensation commission, upon its own motion or upon a petition of either party upon forms prescribed and furnished by the commission, after

due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned * * *."

The petitioner concedes the running of the statutory period prior to the filing of this petition and that the commission was, therefore, without authority to review the preliminary agreement. He argues, however, that when on September 16, 1964 respondent reimbursed him for expenditures made for medical services in the aforesaid amount of $30, the jurisdiction of the commission to review the preliminary agreement was thereby reinstated. It is our opinion that this argument misconceives the nature of the remedy provided by the compensation act for injured workers. The act creates a liability and provides a remedy therefor that was unknown at the common law, and it is settled that in such circumstances time limitations set out in a statute that relate to the liability established therein are not merely limitations on a resort to the remedy provided therein. Such limitations are in the nature of conditions precedent and compliance therewith is essential to obtain the benefits of the liability created therein.

In *Menna* v. *Mathewson*, 48 R. I. 310, this court noted this distinction and pointed out that our compensation act creates a liability unknown at the common law. Time limitations, we noted, set out therein for the enforcement of the liability created are not mere statutes of limitation but are conditions precedent to the right to enforce the liability. In that case at page 312 we said: " 'A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits.' " We reaffirmed our adherence to this concept

of the effect of the time limitations contained in the compensation act in *DeCosta* v. *Devine*, 90 R. I. 240. See *Industrial Commission* v. *Plains Utility Co.*, 127 Colo. 506.

It is our opinion then that the commission's authority to review a decree or a preliminary agreement pursuant to which compensation has been paid an injured employee vests in the commission for a period of ten years following the cessation of such payments of compensation thereunder. With the expiration of the ten-year period, however, no petition for review having been filed within that time, the liability of the employer under such decree or agreement terminates and is not revived by any subsequent payment of compensation by the employer. In short, we are of the opinion that with the running of the statutory term of ten years the liability of the employer under the decree or agreement terminates. Consequently, there is thereafter no liability for the employee to enforce by an invocation of the remedy set out in the statute. See *Therrien* v. *Waumbec Mills, Inc.*, 99 N. H. 137. In all the circumstances it is our conclusion that the commission did not err in denying and dismissing the instant petition for review. Further, we are persuaded that no useful purpose would be served by considering the question of whether reimbursement of medical expenses constitutes the payment of compensation within the purview of §28-35-45.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson, Stanzler & Biener, Richard A. Skolnik, Richard S. Mittleman*, for petitioner.

*Francis V. Reynolds, Bernard W. Boyer*, for respondent.