ASTRO PLATING WORKS
CORPORATION

v.

Leonardo ESTRADA.

No. 80–366–Appeal.

Supreme Court of Rhode Island.

July 26, 1983.

---

H. Eliot Rice, Rice, Dolan, Kiernan & Kershaw, Providence, for petitioner.

Raul L. Lovett, Lauren E. Jones, Providence, on brief, for respondent.

## OPINION

MURRAY, Justice.

This is the employer's appeal from a decree of the Workers' Compensation Commission denying its petition to review an award of Workers' Compensation benefits. The trial commissioner found that a physician's report and testimony regarding an examination of the employee was inadmissible because the employer failed to send a copy of the report to the employee's attorney in compliance with G.L.1956 (1979 Reenactment) § 28–33–34. Therefore, he found that the employer had failed to sustain its burden of proof. The appellate commission affirmed the trial commissioner. We reverse.

On August 17, 1979, the employer, Astro Plating Works Corporation (Astro Plating), filed its petition to review on the basis that the employee's incapacity for work had ended. In support of the petition, Astro Plating filed the medical report of Dr. A. Louis Mariorenzi, who had examined the employee on August 9, 1979. The report concluded that the employee had made a full recovery from his previous back injury and that he should be capable of full-time, unrestricted employment.

At a November 16, 1979 hearing before the trial commissioner, the employee objected to the commissioner's accepting Dr. Mariorenzi's report into evidence and to his allowing the doctor to testify because the employee's attorney had not received a copy of the report as required by § 28–33–34.

The employer's attorney asserted that he had mailed a copy of the medical report to the employee on August 17, 1979, and represented that the employee had received the

report and had given it to his attorney. He conceded that he had never mailed a copy of the report directly to the employee's attorney. However, he claimed that he had been unaware of who represented the employee until an entry of appearance was filed on August 30, 1979.[1]

The trial commissioner initially overruled the employee's objection and allowed Dr. Mariorenzi's testimony "de bene." The employer rested on the doctor's report and testimony. The employee's attorney then moved to strike the doctor's testimony and his report. In support of the motion the employee's attorney introduced documents showing that the employer had communicated with his office in order to arrange the doctor's examination of Leonardo Estrada.[2]

The trial commissioner granted the employee's motion to strike the doctor's report and testimony. He based his decision on the employer's failure to comply strictly with § 28–33–34. The commissioner found that without that evidence, the employer had failed to prove by a fair preponderance of the medical evidence that the employee's incapacity for work had ended. On appeal, the appellate commission affirmed the trial commissioner's finding that the doctor's testimony was inadmissible, relying on the fact that the employer had failed to establish its compliance with the provisions of § 28–33–34.

The sole issue for determination by this court is whether the trial commissioner and the appellate commission erred in ruling that the medical report and testimony of Dr. Mariorenzi were inadmissible because of the employer's failure to comply with the letter of § 28–33–34. The employer argues that its failure to send a copy of the medical report to the employee's attorney should not render this evidence inadmissible because there was substantial compliance with the statute and because the employee was not prejudiced.[3]

Section 28–33–34 provides that an employer may require an injured employee, during the period of his or her disability, to submit to an examination by a physician chosen and paid for by the employer. The portion of the statute with which we are presently concerned provides:

"The employee shall be entitled to a full, exact, signed duplicate copy of the medical report of the examining physician, which shall be mailed by the employer or carrier to the employee and his attorney forthwith upon receipt of the original report by the employer or carrier. Failure to do so shall make such report or evidence of such examining physician inadmissible if objection is made by the employee to the admission of the report or evidence."

We have carefully considered the statutory language and we are of the opinion that the purpose of this legislation is to ensure that the injured employee has the same information regarding his or her phys-

---

1. There was no specific finding of fact made by the trial commissioner that the employer had failed to mail a copy of the medical report to the employee's attorney. The employer's attorney did, however, concede this fact again on oral argument before this court.

2. The record indicates that the same attorney had represented the employee in the initial workers' compensation proceedings and that Mr. Estrada's benefit checks had been sent to his attorney's office. There were also notations in his attorney's file that the employer had contacted the office to obtain the employee's address and had sent a copy of the letter confirming the doctor's appointment to the employee's attorney.

3. The employer also argues that the statutory mandate that a report be sent to the employee's counsel is not effective until the attorney has entered an appearance in the case. We find this argument to be without merit. Even if the employer were in doubt over whether the employee was still represented by the attorney who had represented him in his initial petition—which is unlikely given the documentary evidence in the record—it could have made some attempt to ascertain who represented the employee. *See Morton C. Tuttle Co. v. Carbone,* 84 R.I. 375, 125 A.2d 133 (1956). In any event, the requisite copy of the report could have been sent to Mr. Estrada's attorney between the time when he entered his appearance on August 30, 1979, and the time when the hearing commenced, November 16.

ical condition and the status of his or her disability as is available to the employer. It was the intent of the Legislature to place the employee on equal footing with the employer in workers' compensation proceedings. *See Giordiano v. Uniroyal, Inc.,* 108 R.I. 226, 231, 273 A.2d 855, 858 (1971); *Morton C. Tuttle Co. v. Carbone,* 84 R.I. 375, 125 A.2d 133 (1956). The statute therefore assures that medical information and reports that are available to the employer and its attorney be made readily and promptly available to the employee and his or her attorney. To that end, it provides that the employer may not use medical reports or testimony in proceedings before the Workers' Compensation Commission unless the information first has been provided to the employee and to his or her attorney.

However, we do not believe, as the employee here contends, that the Legislature intended that an employer's failure to comply with the letter of this statute would absolutely bar it from utilizing such medical reports and doctor's testimony in workers' compensation proceedings. As we held in *Morton C. Tuttle Co. v. Carbone,* 84 R.I. 375, 125 A.2d 133 (1956), substantial compliance may be sufficient if the employer can show that it did not act unreasonably and that there was no prejudice to the employee.

In *Carbone,* this court construed the meaning of the word "forthwith" in a precursor to § 28–33–34.[4] The employer in that case sent the medical report to the employee seven months after the examination. We stated there that "forthwith" meant "without unreasonable delay." We held that if the delay was not the result of "deliberate dilatoriness" on the part of the employer and if the employee was not prej-

udiced by the delay in that he had "ample time to familiarize himself with the contents of the report and to take such steps as he thought necessary to counter or otherwise minimize the opinions of [the doctor] expressed therein," then substantial compliance with the statute was sufficient. *Id.* at 381–82, 125 A.2d at 137.[5]

■　We think a similar analysis should be applied in the instant case. The statute requires that a medical report be provided to *both* the employee and his or her attorney. However, this provision allows for some flexibility. The employer's failure to comply with the letter of the statute should not be fatal if it can be shown that the employee's attorney actually received a copy of the report, whether directly from the employer or from the employee. The report must be received with ample time for the employee's attorney to become familiar with it and to utilize it to prepare his or her case. The employer must demonstrate that the employee was not prejudiced by its failure to mail the medical report directly to the employee's attorney. Thus, if the employee objects to the introduction of the report into evidence on the grounds that his or her attorney did not receive a copy directly from the employer, the employer must show that the employee and the attorney did receive a copy of the report by some means and that its failure to send the report directly was not prejudicial to the employee.

In the instant case, the record shows that the employee's attorney actually received a copy of Dr. Mariorenzi's report. However, the trial commissioner made no finding with regard to whether the employee was prejudiced by the employer's failure to mail

---

4. The statute then required the employer to mail the report to the "employee *or* his attorney forthwith * * *." P.L.1954, ch. 3297, art. II § 21. The statute was first amended to read, "to the employee *and* his attorney * * *," by P.L.1959, ch. 104, § 1.

5. Compare *Litchman v. Atlantic Tubing & Rubber Co.,* 100 R.I. 352, 216 A.2d 129 (1966). There, neither the employee nor his attorney received a copy of the medical report until the day of the hearing. The court ruled that the trial commissioner erred in admitting the report and the doctor's testimony over the employee's objection under the circumstances but held that the employee was not prejudiced thereby because there was other evidence in the record to support the commissioner's ultimate finding. *Id.* at 359, 216 A.2d at 133.

a copy of the report directly to his attorney. We believe such a finding is necessary in light of the construction we give to this statute today. Therefore, at a rehearing, the trial commissioner should make a finding with regard to prejudice and then consider the admission of the medical report and the doctor's testimony in light of that finding.

The employer's appeal is sustained, the decree appealed from is vacated, and the case is remanded to the Worker's Compensation Commission for further proceedings.