Clarence SILVA

v.

**BROWN & SHARPE MANUFACTUR-
ING CO. and Aetna Casualty
& Surety Co.**

No. 84–574–M.P.

Supreme Court of Rhode Island.

April 21, 1987.

Raul L. Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly, Providence, for petitioner.

George E. Healy, Diane E. Pearson, Healy, Salem & Pearson, Providence, for respondent.

## OPINION

FAY, Chief Justice.

This case comes before us on a petition for certiorari filed by Clarence Silva (Silva), an employee, to review a decree of the Workers' Compensation Appellate Commission denying and dismissing his petition for benefits. The trial commissioner granted Silva's motion to amend his original petition for compensation benefits to include, in the alternative, a petition to review an earlier suspension agreement and awarded him benefits accordingly. The appellate commission reversed, indicating that the motion to amend was barred by the ten-year statute of limitations contained in G.L. 1956 (1979 Reenactment) § 28–35–45. We disagree.

The facts in this case are not in dispute. On March 19, 1971, Silva suffered an injury to his lower left leg as well as burns to his chest, arms, and legs as a result of an explosion in an electric furnace while employed by Brown & Sharpe Manufacturing Company (Brown & Sharpe). A preliminary agreement was executed by the parties providing for the payment of compensation for total incapacity from March 22, 1971, and a subsequent suspension agreement and receipt was executed by the parties on May 17, 1971. The parties agreed that compensation was to terminate as of May 14, 1971.

On May 5, 1981, Silva filed an original petition seeking benefits from Brown & Sharpe from April 1, 1981, and continuing, owing to a herniated muscle of the left leg caused by prolonged standing.[1] At the pretrial conference, the petition was amended to include a prayer for specific compensation for disfigurement.

In the hearing before the trial commissioner on November 18, 1981, the treating physician testified that although this was a new hernia, in his opinion it was not a new injury. He classified it as the aggravation by wear and tear over time of scar tissue that existed as a result of Silva's injury in 1971. On January 29, 1982, after both parties had rested, Silva moved to reopen the case to submit the suspension receipt of May 17, 1971, and the original agreement of March 1971. At the hearing on the motion, on February 3, 1982, Silva requested that in the event the commission found his 1981 incapacity to be a recurrence instead of an aggravation, his original petition be considered as a petition to review the suspension agreement and the original agreement. The trial commissioner granted Silva's motion, concluded that Silva had sustained a recurrence of his 1971 injury, and—treating the petition as a timely petition to review—awarded him benefits for total incapacity from April 1, 1981, to July 16, 1981, as well as specific compensation for a period of seventy-five weeks for disfigurement of his lower left leg.

The appellate commission reversed the decision of the trial commissioner, holding that the motion to amend the original petition to be treated in the alternative as a petition to review was barred by the ten-year statute of limitations in which to review a decree or decision contained in § 28–35–45.[2] The commission reasoned that the statute of limitations is a condition precedent to obtaining benefits, that since it was not complied with in this case, the trial commissioner did not have jurisdiction to hear the matter or grant the relief sought. This court then granted Silva's petition for a writ of certiorari to review the appellate commission's decision.

Silva contends that the amendment to his original petition, although granted outside the period of limitations, should relate back to the date of the filing of the original petition, which the parties agree was within the prescribed ten-year period. Brown & Sharpe restates the appellate commission's opinion that the ten-year period having run, the trial commissioner had no jurisdiction to entertain the motion nor to review the suspension agreement.

 Since this case presents a pure question of law, it is appropriately before us for review. *Martin v. Rhode Island Public Transit Authority*, 506 A.2d 1365, 1368 (R.I.1986). Contrary to Brown & Sharpe's contentions, the trial commissioner clearly had jurisdiction to act as he did. According to § 28–35–11, "[a]ll questions arising under chapters 29 to 38, inclusive, of this title, [the Workers' Compensation Act] * * * shall, except as otherwise herein provided, be determined by the workers' compensation commission." *See also* §§ 28–30–1 and 28–30–13. Furthermore, the commission may reopen a case until the time that a decision has been rendered, *see Carr v. General Insulated Wire Works, Inc.*, 97 R.I. 487, 491, 199 A.2d 24, 27 (1964), and it has the statutory right to allow amendments to a petition "at any state of the proceedings." Section 28–35–17.

1. The parties later stipulated that Silva sought benefits for a closed period from April 1, 1981 through July 6, 1981.

2. General Laws 1956 (1979 Reenactment) § 28–35–45 provides in pertinent part as follows:
 "Review and modification of decrees.—At any time after the date of the approval of any agreement or at any time after the date of the entry of any decree concerning compensation, and if compensation has ceased thereunder, within ten (10) years thereafter, any agreement, award, order, finding, or decree may be from time to time reviewed by the workers' compensation commission, upon its own motion or upon a petition of either party upon forms prescribed and furnished by the commission, after due notice to the interested parties, upon the ground that the incapacity of the injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage."

Admittedly, as Brown & Sharpe argues, the time limitations set out in the Workers' Compensation Act are in the nature of conditions precedent that must be met in order to obtain the benefits of the liability created by the act. *Ochoa v. Union Camp Corp.*, 120 R.I. 898, 905–06, 391 A.2d 123, 127 (1978); *Brothers v. James S. Cassedy, Inc.*, 101 R.I. 307, 309, 222 A.2d 363, 364 (1966). The question, nevertheless, is not one of jurisdiction, *see Mesolella v. City of Providence*, 508 A.2d 661, 665–66 (R.I. 1986), but of a statutory limitation barring the granting of relief once the period provided for has run. *See Brothers*, 101 R.I. at 309–10, 222 A.2d at 364–65. The commissioner plainly has jurisdiction to determine if the prescribed period has elapsed. Hence, the trial commissioner in this case had the power to entertain and grant the motion to amend, to find that the amended petition related back to the time of the original petition and was therefore timely, and to determine that he had the authority to review the 1971 decree.

Having found that the trial commissioner had the power to act as he did, we must decide if he erred in the exercise of that power. *Mesolella*, 508 A.2d at 665–66; *see also State v. Souza*, 456 A.2d 775, 779 (R.I.1983). As we noted earlier, the commission has broad statutory authority under § 28–35–17 to allow amendments to a petition. We are bound to construe that authority liberally when to do so does not conflict with the Legislature's intent to assist employees with job-related injuries. *Volpe v. Stillman White Co.*, 415 A.2d 1034, 1035 (R.I.1980).

In *Saccoccio v. Kaiser Aluminum & Chemical Corp.*, 107 R.I. 53, 60, 264 A.2d 905, 908–09 (1970), we upheld the grant of an employee's motion to amend a petition for compensation, made almost at the conclusion of the hearing before the trial commissioner, noting that the defendants had not claimed that they were unduly prejudiced by the permission to amend. In *O'Neil v. M & F Worsted Mills, Inc.*, 100 R.I. 647, 653, 218 A.2d 666, 669 (1966), guided presumably by Rule 15(c) of the Superior Court Rules of Civil Procedure, we allowed an amendment to a petition to review, filed out of time, to relate back to the time of filing of the petition itself.[3]

Admittedly in *Saccoccio* and *O'Neil* the amendments did not alter the theory of relief as did the amendment in this case. However, turning again to the practice in Superior Court for guidance, we note that pleading in the alternative is clearly allowed by Rule 8(e)(2); amendments should be granted liberally in situations in which there is no showing that to do so would materially prejudice the interests of the other party, *Babbs v. John Hancock Mutual Life Insurance Co.*, 507 A.2d 1347, 1349 (R.I.1986), even if the amendment adds a different theory of relief, *Kenney v. Providence Gas Co.*, 118 R.I. 134, 143, 372 A.2d 510, 514–15 (1977); and under Rule 15(c), an amendment will relate back to the original pleading "even if it changes the theory of recovery or the type of relief sought; identity of the conduct, transaction, or occurrence is all that is required," 1 Kent, R.I.Civ.Prac. § 15.6 (1969).

Permitting the amendment in this case so as to state an alternative theory of relief was clearly in accord with the policy we enunciated in *Proulx v. French Worsted Co.*, 98 R.I. 114, 121–22, 199 A.2d 901, 905–06 (1964), that the substance, not the form, of a petition should control—that relief should not be denied merely because of the faulty designation of a petition. Having determined that the substance of the

---

**3.** Rule 15(c) of the Superior Court Rules of Civil Procedure provides in part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Historically the procedure in workers' compensation cases followed the course of equity.

*Plouffe v. Taft-Peirce Mfg. Co.*, 91 R.I. 221, 226, 162 A.2d 557, 560 (1960). Since the Superior Court Rules of Procedure now govern all cases brought in that court, whether cognizable at law or in equity, *see* Super.R.Civ.P. 1, we can look to those rules for guidance when questions arise concerning the procedure to be followed in workers' compensation cases not otherwise covered by the provisions of the act or the regulations of the commission.

petition for compensation before him was for the recurrence of an earlier injury, the trial commissioner was not then forced to deny compensation for the wrong reasons. Although allowing the amendment at this stage of the proceedings arguably worked to Brown & Sharpe's detriment by permitting an action against it for a recurrence when it was defending against a claim of aggravation, it cannot claim undue prejudice since it indicated a willingness to pay for a recurrence at the outset of the hearings. Finally, since the claim asserted in the amendment clearly arose out of the same occurrence that was set forth in Silva's original pleading—namely, the hernia he suffered in 1981—the trial commissioner correctly permitted the amendment to relate back.

For the reasons stated, the employee's petition for certiorari is granted, the decree appealed from is quashed, and the papers in the case are remanded to the Workers' Compensation Commission with instructions to enter a final decree in accordance with this opinion.